Redacted by Clerk of Court

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, March 18, 2020 11:58:58 AM
CASE NUMBER: 2020 CV 01415 Docket ID: 34444988
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| JACK GARDNER<br>7150 Wilderness Way<br>Centerville, Ohio 45459<br><br>and<br><br>SUSAN GARDNER<br>7150 Wilderness Way<br>Centerville, Ohio 45459<br><br>Plaintiffs<br><br>vs.<br><br>LIBERTY INSURANCE<br>CORPORATION dba Liberty Mutual<br>175 Berkeley Street<br>Boston, MA 02116<br><br>Defendant | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR DECLARATORY AND OTHER RELIEF**<br><br>**(Jury Demand)** |

## GENERAL ALLEGATIONS

1. Plaintiffs Jack and Susan Gardner are married and own a house located at 7150 Wilderness Way, Centerville, Montgomery County, Ohio.

2. Plaintiffs insured the house with defendant Liberty Insurance Corporation, which is commonly referred to as Liberty Mutual. Attached as Exhibit 1 are the declaration pages for the policy, number H37-281-143160-75-83 ("the Policy"), policy period 9/17/18 to 9/17/19. The Policy covers the dwelling, personal property, and loss of use of the insured location.

3. On March 24, 2019, there was a severe fire at plaintiffs' house that rendered the house unlivable. The personal property in the house was badly damaged.

4. Plaintiffs submitted a claim to Liberty Mutual, which commenced the claim investigation and adjustment.

5. To date, Liberty Mutual has paid to the plaintiffs the following amounts:

| | |
|---|---|
| Dwelling | $236,397 |
| Personal property | $321,661 |
| Loss of use | $ 20,000 |

6. These figures do not represent the total amount that plaintiffs are owed. However, the Policy contains the following provision:

> Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

7. This lawsuit is being filed to comply with this one-year suit-filing condition. See *Hounshell v. American States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981) and *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102.

8. Prior to filing suit, plaintiffs demanded that Liberty Mutual comply with the Policy's appraisal condition, which states:

> **Appraisal**
>
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will close a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:

    a.    Pay its own appraiser; and
    b.    Bear the other expenses of the appraisal and umpire equally.

9.    Liberty Mutual refused to appraise the amount of loss, as required by the Policy.

### COUNT ONE—DECLARATORY RELIEF

10.    The parties have a written contract.

11.    Pursuant to Ohio Civil Rule 57 and O.R.C. §2721.01 to 2721.15, plaintiffs request the Court to grant them declaratory relief against Liberty Mutual as set forth below.

12.    Plaintiffs request that the Court grant it declaratory relief by

- holding that any dispute between the parties as to the amount of loss as to dwelling, personal property, or loss of use be settled by appraisal as provided for in the Policy;

- holding that the appraisers, in determining the amount of loss, shall determine not just the scope of the loss, but also whether any existing damage was caused by the loss;

- holding that the appraisal must determine the replacement cost and actual cash value of the dwelling loss;

- holding that the appraisal must determine, for each item of personal property, its replacement cost and actual cash value;

- holding that actual cash value—an undefined term in the Policy—means replacement cost less depreciation; and

- setting the appraisal procedure if the parties cannot agree.

13.    Plaintiffs also request that the Court appoint an umpire if the two appraiser cannot agree on the selection.

14. Plaintiffs further request any declaratory relief that the Court deems proper in the exercise of its equitable or legal jurisdiction, including an award of attorney fees, litigation costs, and interest.

## COUNT TWO—BREACH OF CONTRACT

15. Plaintiffs incorporate by reference all the allegations set forth above.

16. Plaintiffs had a contract with Liberty Mutual on the day the loss occurred.

17. Liberty Mutual failed and refused to honor the insurance contract and to pay plaintiffs the full amount of their loss.

18. As a direct and proximate result of Liberty Mutual's breach of the insurance contract, plaintiffs have been denied the full policy benefits due under the contract. As a further direct and proximate result of Liberty Mutual's breach of the insurance contract, plaintiffs have suffered other reasonably contemplated damages.

19. Plaintiffs pray for judgment against Liberty Mutual in an amount in excess of $25,000 plus interest, costs, and attorney fees as allowed by law.

## COUNT THREE—LACK OF GOOD FAITH

20. Plaintiffs incorporate by reference all the allegations set forth above.

21. In adjusting plaintiffs' claim, Liberty Mutual, through its agents, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith.

22. Liberty Mutual, through its adjusters, agents, and investigators, acted intentionally, willfully, wantonly and with actual malice in refusing to pay the full and proper amount of plaintiffs' claim.

23. The actions and omissions of Liberty Mutual demonstrate malice, aggravated or egregious fraud, oppression, or insult and Liberty Mutual, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

24. As a direct and proximate cause of the defendant's lack of good faith, plaintiffs have suffered emotional distress and anxiety, inconvenience, increased loss of use, economic harm, and have incurred litigation expenses and attorney's fees.

25. Plaintiffs pray for judgment on this Count in an amount in excess of $25,000 in compensatory damages and an amount in excess of $25,000 in punitive damages, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney's fees as allowed by law.

WHEREFORE, plaintiffs pray for judgment against defendant Liberty Insurance Corporation/Liberty Mutual as set forth above, plus interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

*/s/ Robert P. Rutter*
Robert P. Rutter (0021907)
Robert A. Rutter (0081503)
RUTTER & RUSSIN, LLC
One Summit Office Park, Suite 650
4700 Rockside Road
Cleveland, Ohio 44131
(216) 642-1425
brutter@OhioInsuranceLawyer.com
bobbyrutter@OhioInsuranceLawyer.com

## JURY DEMAND

Plaintiffs demand a jury trial on all issues on which a jury trial is permitted.

/s/ *Robert P. Rutter*
ROBERT P. RUTTER
Attorney for Plaintiffs