UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JACK GARDNER, *et al.*,

    Plaintiffs,

vs.

LIBERTY INSURANCE CORPORATION,

    Defendant.

Case No. 3:20-cv-147

District Judge Michael J. Newman

---

**ORDER: (1) DENYING THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT (Doc. Nos. 66, 67); (2) SCHEDULING A JURY TRIAL TO BEGIN ON AUGUST 14, 2023 AT 9:30 AM IN COURTROOM 4; (3) SCHEDULING A FINAL PRETRIAL CONFERENCE ON AUGUST 1, 2023 AT 3:30 PM IN COURTROOM 4; AND (4) ORDERING THE PARTIES TO COMPLY WITH THE CIVIL STANDING ORDER FOR ALL REMAINING DEADLINES**

---

This civil case is before the Court on Plaintiffs Jack Gardner and Susan Gardner's (collectively, "the Gardners") motion for summary judgment, and Defendant Liberty Insurance Corporation's ("Liberty") cross motion for summary judgment. Doc. Nos. 66, 67. Both parties filed opposition and reply memoranda in response to, and in support of, their respective motions. Doc. Nos. 68, 69, 70, 72. These cross motions are now ripe for review.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The Court's standard of review does not change when the parties file cross motions for summary judgment.  *See Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

Neither movant is entitled to judgment as a matter of law at this stage.  This insurance dispute turns on whether the Gardners' actions—requesting reimbursement from Liberty at a rate of $9,885 per month, rather than $2,500 per month, to cover their additional living expenses after a fire burned down their house—constituted misrepresentation, fraud, or concealment that would exclude coverage.  *See* Doc. No. 60-1 at PageID 847; Doc. No. 66-6 at PageID 2602–03, 2637.  While fraud and concealment provisions in insurance contracts are fully enforceable under Ohio law, *see Am. Land Inv. Ltd. v. Allstate Ins. Co.*, 798 F. App'x 910, 913–14 (6th Cir. 2020) (applying Ohio law), "misstatements in a proof of loss, to forfeit the policy, must be not only false, but unlawfully false." *Hartford Fire Ins. Co. v. Cincinnati Ice Mfg. & Cold Storage Co.*, 9 Ohio App. 403, 408 (Ohio Ct. App. 1918); *see also Mahaney v. State Farm Fire & Cas. Co.*, No. 3:03 CV 7579, 2005 WL 8153625, at *3 (N.D. Ohio Feb. 11, 2005); *Parker v. State Farm & Cas. Co.*, No. C87-2683, 1988 WL 1058394, at *12–13 (N.D. Ohio Nov. 4, 1988) (Batchelder, J.); *Concealment*, *Black's Law Dictionary* (11th ed. 2019); *cf.* Restatement (Second) of Contracts § 160 cmt. a (Am. L. Inst. 1981) ("Concealment is an affirmative act intended or known to be likely to keep another from learning of a fact of which he would otherwise have learned").

Contrary to the parties' arguments, this case presents a genuine issue of material fact as to both sides: a jury must determine if the Gardners had the intent to misrepresent, defraud, or conceal, as this will determine whether they breached the policy. *See Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 536 (6th Cir. 2014) (applying Ohio law). The same holds true for the remaining claims, including the Gardners' estoppel argument; these rely, at least in part, on determining whether the Gardners intended to misrepresent, defraud, or conceal, or if their actions were mistakes, "exaggeration[s,] or overestimation[s]." *Rainer v. Century Sur. Ins. Co.*, No. 1565, 1990 WL 85207, at *5 n.2 (Ohio Ct. App. June 22, 1990) (citing *Michael v. Sec. Ins. Co.*, 6 Ohio N.P. (n.s.) 401, 406 (Ohio Sup. Ct. 1908)). Thus, having fully and carefully reviewed the record, briefs, and parties' arguments, the Court shall not enter "the jury box to consider the credibility of witnesses and evidence in resolving conflicts of material fact in disposing of the summary judgment motion[s]" here, considering that the jury has the best vantage point to decide these issues. *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1053 (6th Cir. 1989) (Krupansky, J., dissenting); *see also Rose*, 766 F.3d at 539 (determining "that a jury should determine whether [the plaintiff] intentionally made a material misrepresentation" to the insurer after a fire burned down his home).

Accordingly, the Court **DENIES** the cross motions for summary judgment. Doc. Nos. 66, 67.[1] The Court **SCHEDULES** a jury trial to begin **on August 14, 2023 at 9:30 a.m. in Courtroom 4** and a Final Pretrial Conference **on August 1, 2023 at 3:30 p.m. in Courtroom 4**. The parties are **ORDERED** to comply with Judge Newman's Civil Standing Order for all related deadlines, including filing motions *in limine*, submitting proposed jury instructions, and providing exhibits to the Court before trial.

---

[1] The Court understands that the parties' prior efforts to mediate this case were unsuccessful. If the parties wish to conduct mediation again, they may contact the Court to conduct a second mediation.

**IT IS SO ORDERED.**

 April 17, 2023	s/Michael J. Newman
	Hon. Michael J. Newman
	United States District Judge