UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JACK GARDNER, et al.,

    Plaintiffs,

vs.

LIBERTY INSURANCE
CORPORATION
d/b/a LIBERTY MUTUAL,

    Defendant.

Case No. 3:20-cv-147

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING AS MOOT DEFENDANT'S MOTIONS *IN LIMINE* (Doc. Nos. 81, 84); (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION *IN LIMINE* (Doc. No. 83); (3) LIMITING PLAINTIFFS' WAIVER ARGUMENT AND EXCLUDING PROPOSED JOINT EXHIBIT 183 FOR SUCH PURPOSE; (4) GRANTING DEFENDANT'S FOURTH MOTION *IN LIMINE* (Doc. No. 85); (5) PROHIBITING PLAINTIFFS FROM USING VIDEO DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE OTHER THAN AS NECESSARY FOR IMPEACHMENT; AND (6) CLARIFYING THAT THE PARTIES MAY RENEW THEIR OBJECTIONS AT TRIAL**

---

This civil case is set to begin trial on October 24, 2023. Pending are four motions *in limine* from Defendant (Doc. Nos. 81, 83, 84, 85). Plaintiffs have issued their respective responses. Doc. Nos. 91, 95, 96, 97. The Court heard oral argument from both sides at the final pretrial conference on October 19, 2023. This matter is ripe for review.

**I.**

Plaintiffs Jack and Susan Gardner own a home in Montgomery County, Ohio. Doc. No. 3 at PageID 29, ¶ 1. A fire damaged their house on March 24, 2019 to the point it became uninhabitable. *Id.* at PageID 29, ¶ 3. Plaintiffs submitted a claim to Defendant, under their homeowners insurance policy with Defendant. Doc. No. 92 at PageID 3896. Defendant paid

$616,260.97, including $35,401.64 in additional living expenses ("ALE") toward Plaintiffs' claim. *Id.* at PageID 3896-97. Plaintiffs and Defendant dispute whether Plaintiffs are entitled to more ALE under the terms of the Policy. *Id.* at PageID 3897.

Plaintiffs filed the present case against Defendant on March 18, 2020, asserting breach of contract and bad faith. *Id.* at 3897-98. Defendant asserts a defense of fraud, alleging Plaintiffs concealed and/or misrepresented "the rental value of Plaintiffs' alternate living agreements and seeking inflated compensation from Liberty under the Policy." *Id.* at 3898. Following Discovery, both parties moved for summary judgment (Doc. Nos. 63, 67), which this Court denied (Doc. No. 74). Now, Defendant seeks to exclude certain evidence from admission during trial.

## II.

The Court may admit evidence as "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "The standard for relevancy is extremely liberal under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (quotation and internal quotation marks omitted). "Even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738–39 (6th Cir. 2006) (cleaned up) (quoting *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996)). Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, confusing the issues, causing undue delay, wasting time, or unnecessarily presenting cumulative evidence. Fed. R. Evid. 403; *see also, e.g., United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020) (defining "unfair

prejudice" as "the 'undue tendency to suggest a decision based on improper considerations'" (quoting *United States v. Asher*, 910 F.3d 854, 861 (6th Cir. 2018))).

### III.

#### A. Defendant's First and Third Motions *in Limine*

Pursuant to the Record of the final pretrial conference, Defendant's first and third motions *in limine* (Doc. Nos. 81, 84) have become moot.

#### B. Defendant's Second Motion *in Limine*

As a defense to Plaintiffs' breach of contract claim, Defendant asserts that it does not owe additional insurance proceeds to Plaintiffs because they engaged in fraudulent conduct. Plaintiffs contend Defendant has waived, or is estopped from asserting, a fraud defense because, under Ohio law, Defendant did not void the Policy upon learning of Plaintiffs' alleged fraud. Doc. No. 96 at PageID 3965-66.

Defendant's second motion *in limine* seeks to limit Plaintiffs from using Proposed Joint Exhibit 183 to assert that Defendant waived, or is estopped from asserting, a fraud defense.

Defendant argues that Plaintiffs' argument should be limited in this way because, in Defendant's view, the Policy's Special Provisions — Ohio Endorsement ("the Endorsement") governs its behavior in dealing with Plaintiffs' claim. *See generally* Doc No. 83. The Endorsement states:

> Item **2. Concealment! or Fraud** is deleted and replaced by the following:
> **2. Concealment or Fraud**
> a. This policy will not provide coverage under any part of this policy for any insured or any other person or entity seeking benefits under this policy (whether before or after a loss) if any insured:
>
> (1) conceals or misrepresents any material fact or circumstance,
> (2) makes false statements or
> (3) engages in fraudulent conduct,
> any of which relate to a loss, an accident, or a claim.

*Id.* at PageID 3711.

Plaintiffs disagree with Defendant's understanding of the Policy and whether the Endorsement empowers Defendant to deny coverage while maintaining the Policy as a whole. See generally Doc. No. 96. This argument is based on the Policy's initial Concealment or Fraud Condition ("the Condition"), which states:

2. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, an "insured" has:
   a. Intentionally concealed or misrepresented any material fact or circumstance;
   b. Engaged in fraudulent conduct; or
   c. Made false statements; relating to this insurance.

Doc. No. 83 at PageID 3711.

Defendant asserts that the Endorsement effectively eliminates and replaces the Condition. Plaintiffs, maintain that the Condition applies and, because Defendant (1) did not void the Policy upon finding out about alleged misconduct; (2) continued to pay a portion of ALE coverage after finding out about alleged misconduct; and (3) offered Plaintiffs the opportunity to renew the Policy; Defendant waived its fraud defense. Doc. No. 96 at PageID 3965-66. Further, Plaintiffs contend this proposed exhibit is necessary to demonstrate that Defendant's fraud defense is disingenuous. *Id.* at PageID 3967.

Ohio law and federal courts throughout the Sixth Circuit demonstrate that Plaintiffs' waiver argument is inapplicable as it relates to the Condition and the Endorsement. "Concealment or fraud clauses are fully enforceable under Ohio law." *Taylor v. State Farm Fire & Cas. Co.*, 2012 WL 1643877 (N.D. Ohio May 10, 2012) (citing *Smith v. Allstate Indem. Co.*, 304 Fed. Appx. 430, 431-32 (6th Cir. 2008)).

A plain reading of the Endorsement leads to the conclusion that: (1) the Endorsement replaced the Condition when applied to specific claims made under the Policy; (2) the Endorsement empowers Defendant to refuse coverage only for a specific portion of a policy or

4

claim when fraudulent conduct has been discovered; and (3) any fraud or misrepresentation related to a claim is not grounds for voiding the entire contract. *Id.* Defendant acted within the bounds of the Endorsement by challenging and refusing further coverage of Plaintiffs' ALE claim upon discovery of alleged fraudulent conduct. As such, Defendant did not waive a fraud defense to Plaintiffs' breach of contract claim, even though it continued Plaintiffs' insurance coverage generally and offered to renew the Policy.

"Moreover, '[t]he materiality of a misrepresentation is a mixed question of law and fact that under most circumstances should be determined by the trier of fact.'" *McCurdy v. Hanover Fire & Cas. Ins. Co.*, 964 F. Supp. 2d 863, 870 (quoting *Abon, Ltd. V. Transcon. Ins. Co.*, Case No. 2004-CA-0029, 2005 WL 1414486, at *13 (Ohio App. Ct. June 16, 2005)). Whether Plaintiffs engaged in fraudulent conduct—and whether Defendant believed as much—are decisions better left to a jury. For a jury to make this decision, Defendant needs to be able to present its case to them without the danger of confusing the jury with a waiver argument using Proposed Joint Exhibit 183.

Accordingly, Defendant's motion *in limine* (Doc. No. 83) is **GRANTED IN PART** as it pertains to limiting Plaintiffs' waiver argument and the use of Proposed Joint Exhibit 183 for that purpose and is **DENIED** as it applies to excluding Proposed Joint Exhibit 183 for any other purpose.

### C. Defendant's Fourth Motion *in Limine*

Defendant's fourth motion, seeking to preclude Plaintiffs from using video of the deposition of Defendant's corporate representative, Jobie Ziegler, in lieu of her live testimony other than as necessary for impeachment, is opposed by Plaintiffs. *See* Doc. No. 91. Plaintiffs rely on Fed. R. Civ. P. 32(a)(3), which allows adverse parties to use deposition evidence of the

5

opposing party's Fed. R. Civ. P. 30(b)(6) representative. *Id.* Plaintiffs further assert that using the video deposition, despite Ms. Ziegler's presence at trial (and availability to testify), is part of their trial strategy and thus should be permitted. *Id.*

While it is true that Fed. R. Civ. P. 32(a)(3) allows Plaintiffs to use such testimony, "courts routinely limit that option when the witness is available for trial." *Wolff v. Maybach Int'l Group, Inc.*, Case No. 2:19-cv-149-DCR, 2023 WL 6217945, *2 (E.D. Ky. Sept. 25, 2023) (citing *Short v. Marvin Keller Trucking, Inc.*, Case. No. 5:19-cv-471-MAS, 2021 WL 5410888, at *1 (E.D. Ky. Nov. 18, 2021)) (citations omitted). Whether the video deposition will be allowed to be used at trial is a matter within the Court's discretion. *Short*, 2021 WL 5410888 at *1 (citing *Lear v. Equitable Life Assurance Soc'y*, 798 F.2d 1128, 1135 (8th Cir. 1986)) (citations omitted).

District courts throughout the Sixth Circuit have disallowed parties to introduce deposition evidence, except for impeachment purposes, when a witness is available to testify during trial. *See id.* Such decisions are almost always supported by the legitimate concerns of confusing the jury and compromising the trial's efficiency. *See id.* at *1 ("The Court is concerned the jury will speculate as to why witnesses who are sitting in the courtroom are not testifying or wonder if they should give some special emphasis to the recorded testimony as opposed to the later, live testimony. Moreover, the procedural aspects are equally confusing and awkward as these witnesses would be called live for their cross-examination and redirect even though the direct testimony took place months ago"); *Wolff*, 2023 WL 6217345 at *2 ("Using [the Rule 30(b)(6) representative's] deposition when she is present for trial is likely to complicate the issues and confuse the jury. Additionally, the video deposition would require extensive modification before it could be presented to the jury due to the numerous objections, discussions of counsel, and inadmissible evidence contained therein"); G*onzalez Prod. Sys., Inc. v. Martinrea Int'l, Inc.*, 310

6

F.R.D. 341, 344 (E.D. Mich. Sept. 15, 2015) ("the Court will simply not allow … video depositions to be used when the witnesses are available to testify"); *Stansbury v. Hopkins Hardwoods, Inc.*, Case No. 4:15-cv-16-JHM, 2018 WL 2977439 at *5 (W.D. Ky. March 2, 2018) ("an unfettered use of an adverse party's deposition when the deponent would testify live 'would undermine this Court's ability to efficiently run this trial'" (citing *Gonzalez Prod. Sys., Inc.*, 310 F.R.D. at 344)).

The same logic applies here. Both parties concede that Ms. Ziegler will be present at trial (Doc. Nos. 85, 91) and is available to testify in person. Using video deposition in lieu of her testimony runs the risk of confusing the jury and disrupting trial efficiency. Any cross-examination or redirect examination would be taken of Ms. Ziegler herself, and the jury could become confused as to why the witness is testifying by video rather than live and in person. Accordingly, the motion *in limine* to exclude video deposition of Ms. Ziegler is GRANTED. Plaintiffs may not introduce video deposition of Ms. Ziegler except for purposes of impeachment.

**IV.**

For the reasons stated, the Court: (1) **DENIES AS MOOT** Defendant's motions *in limine* (Doc. Nos. 81, 84); (2) **GRANTS** in part and **DENIES** in part Defendant's second motion *in limine* (Doc. No. 83); (3) **LIMITS** Plaintiff's waiver argument and **PROHIBITS** Plaintiffs from using Proposed Joint Exhibit 183 for the purpose of a waiver argument; (4) **GRANTS** Defendant's motion *in limine* (Doc. No. 85); (5) **PROHIBITS** Plaintiffs from using deposition video of Defendant's corporate representative in lieu of live testimony other than for purposes of impeachment; and (6) **CLARIFIES** that the parties may renew their evidentiary objections at trial.

IT IS SO ORDERED.

Date:  October 23, 2023                    s/Michael J. Newman
                                           Hon. Michael J. Newman
                                           United States District Judge